IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JIMMY MEMNOM
and ISIS ROBINSON,

    Plaintiffs,

v.                                     CASE NO. 1:17-cv-243-MW-GRJ

BUREAU OF ALCOHOL, TOBACCO
AND FIREARMS, TAMPA FIELD OFFICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs initiated this case by filing a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in which they named only the United States and the Bureau of Alcohol, Tobacco, and Firearms ("ATF") as Defendants. ECF No. 1. According to the verified Complaint, Plaintiffs allege that two unidentified ATF agents from the Tampa Field Office entered their former residence in Tampa without a search warrant. The agents held Plaintiff Memnon against the wall, pointed guns at his head, and threatened to kill him if he did not "shut the hell up." Plaintiffs allege that the agents illegally confiscated two handguns belonging to Plaintiffs Memnon and Robinson. Plaintiffs seek compensatory damages. *Id.* at 4-5.

At the time the Complaint was filed, Plaintiffs lived in Gainesville, Florida, where they continue to reside. *See id.* at 8. Plaintiffs originally

filed the Complaint in the Middle District of Florida, Ocala Division. That court determined that pursuant to 28 U.S.C. § 1391(e), venue was proper in either the Tampa Division of the Middle District of Florida or the Gainesville Division of the Northern District of Florida. *Id.* at 4. The court ordered Plaintiffs to file a notice stating where they would like the case to be transferred. *Id.* Plaintiffs filed a response requesting a transfer to Gainesville (ECF No. 6) and the case was then transferred. ECF No. 7.

This Court granted Plaintiffs leave to proceed *in forma pauperis* and ordered service of the Complaint, noting that Plaintiffs' claims were made pursuant to *Bivens* and that Plaintiffs sued unknown agents of the ATF Tampa Field Office. *Id.* at 18. Because the individual agents were not yet identified, the Court ordered service on the ATF, Tampa Field Office. *Id.*

This case is now before the Court on ECF No. 23, the ATF's motion to dismiss this case or alternatively to transfer it to the Middle District of Florida, Tampa Division, due to improper venue. Defendant argues that (1) *Bivens* claims cannot be maintained against a federal agency, and a case is properly dismissed when a Plaintiff fails to sue any federal officials in their individual capacities; and (2) if the case is not dismissed it should be transferred to the Middle District of Florida, Tampa Division, because venue in a *Bivens* case is governed by 28 U.S.C. §1391(b) and not by § 1391(e). ECF No. 23.

The Court ordered Plaintiffs to show cause as to why the motion should not be granted.  ECF No. 25.  Plaintiff Jimmy Memnon filed a response objecting to transfer.  Plaintiff asserts that his rights were violated "illegally here."  He states that "I reside here in Gainesville therefore this case should not be dismissed or transfer [sic] anywhere else, it should proceed here in the Northern District of Florida as it started from the beginning."  ECF No. 26.  Defendant filed a reply arguing that to the extent Plaintiff suggests the activity occurred in Gainesville, his verified Complaint clearly states otherwise.  Defendant notes that Plaintiff has not requested leave to amend his Complaint.  ECF No. 27.

Turning first to Defendant's motion to dismiss the Complaint in its entirety, the Court finds that the motion is not well taken.  It is axiomatic that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998).  It is true that *Bivens* does not extend to federal agencies, such as the ATF.  *See F.D.I.C. v. Meyer,* 510 U.S. 471, 472 (1994) ("The logic of *Bivens* itself does not support the extension of *Bivens* from federal *agents* to federal *agencies.*") (emphasis in original).  Nor can the United States be sued under *Bivens* because it is "immune to suit".  *Bivens,* 403 U.S. at 410.  But it is appropriate to liberally construe Plaintiffs' claims as against the two

unknown individual agents who allegedly violated Plaintiffs' rights, in the agents' individual capacities, in order to conform to what is plainly a *Bivens* claim.[1] *See Nalls v. Coleman Low Federal Institution et al.*, 307 Fed. Appx. 296, 2009 WL 51884 **2 (11th Cir. 2009) (district court erred in granting summary judgment to individual defendants on basis of sovereign immunity, because *pro se* plaintiff's complaint should have been liberally construed as asserting individual-capacity claims against officials in order to conform to *Bivens*) (unpublished).[2] Liberally construing the *pro se* Complaint as asserting *Bivens* claims against the two individual ATF agents, Defendant's motion to dismiss the complaint is due to be denied.

The Court agrees with the ATF that in order to proceed as a *Bivens* case, Plaintiffs will need to identify the individual agents so that they can be substituted for the current agency defendant. The next issue, then, is whether this case should be transferred back to the Middle District of Florida for such further proceedings.

Defendant is correct that venue in a *Bivens* case is governed by 28 U.S.C. § 1391(b). *Stafford v. Briggs,* 444 U.S. 527, 544 (1980) (venue in

---

[1] Plaintiffs utilized the Court's form for civil rights complaints arising under 42 U.S.C. §1983 or *Bivens*, and checked the section on the form confirming that the suit is against "Federal Officials (*Bivens* case)". ECF No. 1 at 4.

[2]**Error! Main Document Only.**Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

suits for damages against federal employees in their individual capacity is governed by §1391(b)); *Nalls,* 2009 WL 51884 **1 (district court's *sua sponte* transfer of case under § 1391(b) was proper because court transferred case to district where the remaining unknown *Bivens* defendants were located and where relevant events occurred); *Cameron v. Thornburgh,* 983 F.3d 253, 257-58 (D.C. Cir. 1993) (applying § 1391(b) venue provisions to *Bivens* action). Under 28 U.S.C. § 1391(b), cases arising under federal law may be brought only in a district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought under (1) or (2), any judicial district in which the defendants are subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b).[3]

In this case, according to the verified allegations of the Complaint, two ATF agents from the Tampa Field Office entered Plaintiffs' home in Tampa, Florida, seized handguns from Plaintiffs, and violated Plaintiffs' civil rights in doing so. ECF No. 1. Thus, as Defendant argues, under §1391(b)

---

[3] The venue statute under which this case was transferred to the Northern District of Florida, 28 U.S.C. § 1391(e), applies to cases in which the defendant is an officer or employee of the United States or an agency of the United States "acting in his official capacity or under color of legal authority," or an agency of the United States, or the United States itself. The case was transferred to this Court under § 1391(e)(1)(C), which provides that such a case may be brought in the district where the plaintiff resides, if no real property is involved in the action. *See* ECF No. 7.

venue properly lies in the Middle District of Florida, Tampa Division, where the defendant agents are located and where the events underlying the Complaint occurred.

The Court has carefully considered Plaintiff's response in opposition to the motion to transfer. While the response is not a model of clarity, the Court does not read it as suggesting that the events complained of occurred in a location other than that alleged in the verified Complaint. Rather, Plaintiff argues that the case should proceed "here in the Northern District of Florida *as it started from the beginning.*" ECF No. 26 at 1-2 (emphasis added). This case "started" when Plaintiff filed it in the Middle District of Florida, Ocala Division, and it therefore appears that Plaintiff is laboring under a mistaken belief that the place where he initiated the case is in the Northern District. Plaintiff did, in fact, initiate the case in the correct district under the applicable venue statute, § 1391(b), albeit in the incorrect division.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's motion, ECF No. 23, should be **DENIED** to the extent that Defendant moves to dismiss the Complaint and **GRANTED** with respect to Defendant's alternative motion to transfer this case to the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** this 2nd day of August 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.